## BEFORE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

TARIQ BELT

PO BOX 9054

FAYETTEVILLE, NC 28311

    Plaintiff

VS.

Case: 1:18-cv-02324
Assigned To : Unassigned
Assign. Date : 9/28/2018
Description: Pro Se Gen. Civ. (F-DECK)

UNITED STATES SECRETARY OF THE NAVY

1000 Navy Pentagon, Room 4D652

**Washington, DC** 20350

&

THE BOARD FOR CORRECTION OF NAVAL RECORDS (BCNR)

701 S. Courthouse Road, Suite 1001

Arlington, VA 22204-2490

    Defendants Jointly and Severally

# <u>COMPLAINT FOR JUDICIAL REVIEW OF A BCNR FINAL DECISION AND FOR DECLARATORY RELIEF</u>

HONORABLE U.S. DISTRICT COURT:



RECEIVED
Mail Room

SEP 28 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

May it please the Court.  COMES NOW Plaintiff PFC (E-2)TARIQ BELT, pro se, a Disabled Veteran of the US Armed Forces in good faith and Honor, and pursuant to 10 U.S.C. § 1552 and 5 U.S.C. § 702, seeking Judicial Review and Scrutiny of Final Agency Decisions and declaratory relief, for good cause and concurring harm, injury, divestiture of privileges and rights without the species of process prescribed and due, and for breach of 1st amendment protected agency and military records accuracy requirements.  My "discharge", "characterization of service", and 'narrative reason for separation' when taken together and separately are inequitable, and should be upgraded to honorable and changed to discharge by reason of Medical Reasons and Service Connected disability/Injury or the functional equivalent as MEDICAL PROBLEMS and service connected injury sustained in training were what resulted in my discharge and exit from the military.

## Cause of Action Summary Overview

BELT has received a final determination from BCNR that he is ineligible based on a prior decision that included determinations that BELT did not serve 180 days in active duty when he did including Boot Camp and MCT during War Time (Gulf War Era).  They also say that BELT was given the "erroneous enlistment" characterization of his service because had the armed forces known that BELTS feet falling arches they would not have enlisted BELT.  But BELT was given a RE-3P reenlistment code which means that BELT can be re-enlisted if he signs waivers or is otherwise medically cleared for service.  The fact is that the DD-214 that BELT was given upon discharge in 1996 was not one and the same, nor did it read the same, as the DD-214 that BELT has been provided in 2016 and later.  They quoted a SECNAVIINST 1850.4E (3401) dated April 30, 2002 which changed the prior existing practice and policy which was created long after BELT actually was discharged on paper and out processed.  If they wish to use it they imply BELT was never properly out processed in 1996, and if they cease and desist using it they admit that their prior use of that 2002 policy to evaluate BELT ignores the most favored law principles where the prior version of the law favors BELT and the later version prejudices BELTS rights.  EXH 11L

BCNR further stated that Honorable circumstances are warranted to be found where there is unusual performance and personal conduct.  And overlooked, it seems, the fact that BELT is one of very few individuals promoted in Boot Camp for meritorious performance, physical fitness, great personal conduct and growth, leadership qualities, and etcetera (see personnel file recommending the promotion of BELT to E-2 in bootcamp). BELT WAS A 'DEP' INACTIVE RESERVE MEMBER 94-95.

BELT was kicked out of the military because continued service would have resulted in BELT being crippled according to BAS navy medical, the first lieutenant in BELTS administrative chain of command, and the specialists who interviewed BELT and looked at BELTS feet.

BELT re-presented these matters to BCNR that they act as if they did not consider or see the first time.  Along with other newly presented matters (BELT being found eligible for VA benefits notwithstanding the DD-214).  But they have issued another opinion that does not take into account the DD-214 exhibited showing their error and omission, and did not take into account a finding of service connected disability and service aggravated disability in favor of BELT found during the pendency of matters before them.

In support whereof BELT respectfully states the following for the cause of action against the named Defendants jointly and Severally:

1. BELT entered the Armed Forces in 1994 in Maryland through the deferred entry program while in high school and after helping recruit all through 1994 and 1995 up to graduation, taking and passing extensive and rigorous preliminary physical exams while in high school and just before going to bootcamp, after numerous medical inspections, and after scoring high in ASVAB and NUCLEAR ENGINEERING program entry and acceptance tests for USMC and NAVY all handled by Annapolis location Recruiting office(s) BELT left for bootcamp in 1995;

2. BELT successfully completed BOOT CAMP at Parris Island having obtained also a meritorious promotion, and honorable mention in his Platoon Graduating Class, for stellar achievement including peak physical fitness displayed in all PT tests and examinations.

3. Upon exit from Boot Camp during wartime, having achieved and received a GOOD CONDUCT MEDAL, BELT proceeded to Marine Corps Training School at Camp Lejeune and Camp Geiger North Carolina.

4. While at MCT during a routine exam BELT notified the BAS medical staff of severe foot pain, feelings of pebbles in the shoe often but no pebble to be found, and debilitating increasingly painful swelling, bruising, and stiffening of the Right and Left foot, Ankles, and swelling in the lower legs with tenderness in the bottom of the feet and knees.

5. Upon return due to the initial exams results, during a follow-up exam to investigate BELTS discomfort further, BELT was advised by BAS medical staff that arches were falling completely from BELTS feet, that BELT was experiencing hairline or stress fractures across the bottoms of his feet, swelling associated with that and tenderness, and other trauma to the lower and upper foot and ankle muscles and joints associated with training injuries commonly seen in other Marines.

6. BELT was placed on light duty during the time of these evaluations, and was counseled that BELT would be placed on or in a program where BELTS discharge

would be granted but deferred until such time as the final evaluation of BELTS conditions were determined.

7. BELT being fearful of not being honorable as a MARINE having obtained that title and having worked hard to do so inquired at length about the nature of the discharge and light duty BELT was being placed on and was told by his first Lieutenant that: (a) it would be best to exit but that if BELT wanted to stay he would have to sign a waiver of sorts which would say that BELT was in essence fine and healed and felt no further pains but that was not true so BELT could not and should not; (b) that BELT would be honorably discharged because of the time spent in the service, stellar achievement, being injured on the job during training due to training, (c) that BELT would be taken care of as to his medical injuries by BAS (naval medical corps) up to and through discharge and then by VA upon return to civilian life depending upon what the final evaluation revealed, and that (d) BELT would be eligible for all benefits of honorable service and discharge including education and tuition reimbursement, VA medical care or BAS naval medical care depending upon whether BELT was returned to active duty or finally discharged upon separation and/or being detached from the military during and for his injuries to his lower extremities.

## *SUMMARY OF CLAIM*

8. BELT considered types of military discharges and why veterans seek upgrades and determining that BELT was likely eligible for a confirmation that his discharge was indeed HONORABLE and that the narrative was "Medical Reasons" based BELT sought either or both change in the narrative and upgrade in the character of service and pointed out that initially BELTS discharge papers in fact said "Honorable discharge for Medical Reasons" in 1996 and not what It presently says.

9. BELT is not eligible for certain benefits, rights exercise, treatment, loans, insurances, job rehabilitation and training, or education assistance or reimbursement without having a certain service characterization and narrative regarding separation. But was promised the exact opposite when BELT was sitting in consultation with his First Lieutenant and BAS medical staff about options pertaining to injuries BELT sustained. And BELT based his decisions to go along with out-processing under these material representations from his administrative chain of command.

10. BELTS current narrative says erroneous enlistment and uncharacterized service. But it never said that in BELTS initial discharge paperwork that BELT saw, and BELT knows this for a fact because if it did when BELT saw it BELT would have been extremely alarmed and would have stayed in the military despite the pain and injuries he is living with and has lived with since he was hurt in training during active duty.

## *STATEMENT OF FACTS*

11. When veterans leave the service, they receive discharge documents, the most important of which is the DD-214. This document comes in a short form, which is edited to display only basic information, and a long form. Both forms contain general information including dates of entry and discharge, total time in service, rank, decorations, and military education. Additionally, the long form includes the characterization of service (e.g. honorable, dishonorable, etc.), reason for discharge (e.g. completion of term of service, medical disability, etc.), re-enlistment code (indicating the circumstances under which the veteran can reenter the service), and a code matching the reason for discharge.

12. Because the long form contains more detailed information, it is usually the one required by the Department of Veterans Affairs and employers who request to see the DD-214 of prospective employees. Therefore, the information that appears on this simple document can significantly affect many aspects of a veteran's life, including the ability to find employment or obtain VA benefits. Veterans usually seek discharge upgrades to change the information that appears on their DD-214.

13. BELT has sought upgrades and corrections of these Medical and Military Service records because he is being slighted in obtaining employment friendly to his disability, is being denied VA loans eligibility, cannot obtain certain employment rehab or schooling assistance or reimbursement, and BELTS steller performance as a US Marine is being questioned for reasons out of BELTS personal control and brought about by acts of God randomly Where BELT received a Meritorious promotion, served during wartime and received a Good Conduct Medal, and completed over 180 days of Active duty service and was and is verified as injured during service in training connected to that service and training and as having physical maladies causing BELT disability which arise from and were aggravated by Service in the US armed forces

during active duty, during wartime, during training, after meritorious promotion for bad, and after achieving a Good Conduct Medal.

14. DD-214 protocols deems it an honorable discharge where these facts exist listed above. But the layman, employer, and VA Loan analysis authorities do not honor the operation of the facts equating to the functional equivalent of BELT having received an "honorable discharge for medical reasons".

15. Discharges before the end of term of service are classified as administrative or punitive.This point is often confused, but is central to understanding the discharge process. Administrative discharges are less serious in nature and can only be given, as their name implies, administratively, and cannot be given by court-martial. In order of desirability, from most to least, administrative discharges are classified as follows: a. Honorable Discharge [HD]; b. General Discharge (Under Honorable Conditions) [GD]; and c. Discharge Under Other Than Honorable Conditions [OTH] (referred to as Undesirable Discharge [UD] until the early 1980s).

16. Most servicemembers receive an honorable discharge, but BELTS discharge status states "Erroneous Enlistment" and character of service "uncharacterized" in the form that BELT was provided. BELT never saw this before, and sought review and upgrade to what the forms said that BELT was initially shown which was Honorable Discharge for Medical Reasons and showing a reenlistment code which stated that if medically cleared upon final review BELT could reenter or if not medically cleared if BELT signed a waiver BELT could reenter and continue service.

17. Punitive discharges are more serious and can only be given as a sentence from a court-martial with the requisite authority. Courts-martial can issue punitive discharges but do not have the authority to grant the less serious administrative discharges. In order of severity, from least to most, punitive discharges are classified as follows: a. Bad Conduct Discharge [BCD]; b. Dishonorable Discharge [DD]; and c. Dismissal (for officers only).

18. BELT was not court martialed and did not receive a punitive discharge. BELTS discharge was due to medical injuries associated with training. See Exhibits showing a finding of service connected disability. And consideration of the reenlistment codes indication of BELT being welcome to continue in the military under certain waivers or medical review final findings as well as

consideration of the significance of the separation authority and narrative reasons for separation had the military known that BELT would become injured like he did during training, or had the military noted that BELT had any injury like the one that developed while he was training, they would not have allowed BELT to enter the military service or might not have let BELT joint without signing certain waivers of liability indemnifying the military against injuries BELT might sustain during service.

19. BELT has reasons in common with most Veterans trying to get upgrades and corrections including (a) VA BENEFITS (BELT is having difficulty getting the full range of benefits he was promised and should be permitted access to), and (b) STIGMA (to most people anything other than Honorable Discharge means DISHONORABLE DISCHARGE and it prevents one from getting gainful employment preference as a veteran or disabled veteran … "Since about 90% of all discharges issued are Honorable, a discharge of that type is commonly regarded as indicating acceptable, rather than exemplary service. In consequence, anything less than an Honorable Discharge is viewed as derogatory, and inevitably stigmatizes the recipient." This "unmistakable social stigma . . . greatly limits the opportunities for both public and private civilian employment."  In addition to social stigma BELT feels that the character of their discharge does not reflect the overall service and sacrifice that BELT made and was prepared to make for the country).

20. Veterans such as BELT applying for record corrections like those that BELT Seeks after the DRB statute of limitations expires must proceed to the second option – applying for a discharge upgrade to their service department's Board for Correction of Military Records (BCMR). BCMRs have a waivable 3-year time limit and the authority to upgrade discharges issued by general courtsmartial or to change a discharge to or from disability discharge or retirement. BCMRs have authority to make other changes that DRBs cannot.

21. The odd thing about BELTS discharge is that it appears that because BELT was never finally out-processed under the type of discharge tract used regarding BELTS injuries it is unclear if BELT was ever legally fully and finally outprocessed despite that BELT thought he was for all intents and purposes.

22. On information and belief BELT is entitled to have it determined whether in fact his end date for military service is when he was out-processed and actually left or if it was contingent upon a final evaluation being conducted and had

determining whether BELT was permanently injured or in fact capable of being reinstated to military service.

23. BCMRs have more extensive authority to alter military discharges than DRBs. BCMRs can upgrade any discharge characterization and change any reason for discharge. In addition, they can void discharges; change them to or from medical retirement; change re-enlistment codes; change the date of issue of a discharge (which may result in back pay); remove inaccurate performance evaluations or other damaging documents from the record; and, under rare circumstances, reinstate veterans into military service. Discharge upgrade cases make up only a fraction of the extensive caseload of the BCMRs.

24. 10 U.S.C. § 1552 and the federal regulations corresponding to each branch of the military state that BCMRs may change military records of any member or former member of the armed forces to correct any "error or injustice." Discharges issued by a special or general court-martial may only be upgraded on "clemency" grounds.

25. The presumptions and burdens of proof are the same in BCMR cases as they are in DRB cases. Boards presume the records are correct as issued, and applicants must provide material evidence showing that their records should be corrected. Here BELT provided material evidence in the form of Service Connected Disability being found to exist, in the form of the DD-214 long form and DD-214 short form showing that the totality of the circumstances of BELTS service (Good Conduct Medal, meritorious promotion from E-1 to E-2 during boot camp), separation authority stated, and type of separation being "discharge" where ambiguity and failure to label it as dishonorable or general renders it Honorable Discharge it appears.

PROCEDURAL HISTORY

26. BELT sought modification of the DISCHARGE, SERVICE, PERSONNEL, and SERVICE CONNECTED MEDICAL records, AND EXPLAINED WHY MODIFICATION by BCNR WAS SOUGHT AND DUE, and the Discharge and Service Records

modification were denied by BCNR who is responsible for finding it warranted and just and seeing it done.  See Exhibits.

27. BELT sought consideration anew for good cause stated in the nature of what is stated herein above and notified them that during the pendency of the reconsideration BELT anticipated the newly discovered evidence of records review and VA considerations finding that BELT has a service connected disability.  See Exhibits.

28. The VA in Fayetteville NC was caring for BELT during the time of the reconsideration but not before when the correction of records was sought, and that piece of information is indicative of the possibility of a service connected disability based discharge from otherwise honorable military service career ordinarily.

29. BELT avers that the effect of the finding of a "service connected disability" associated with the reasons for exit from the armed forces, and the VA agreeing to care for him and this injury, NUNC PRO TUNC entitle BELT to a finding and declaration from the BCNR that BELTS character of service was honorable as shown by the meritorious promotion in a short period of time, the good conduct medal, and over 180 days of active duty service including training time and military school time.

30. BELT is presently seeking review and reconsideration of the percent of disability associated with his service connected disability finding and suspects the findings will be modified according to findings and care of a foot specialist who has found that BELT experiences inflammation, swelling, joint pain, reduced range of motion, leg swelling, and constant pain causing limping and other signs of pain and injury that BELT is living with and has been living with since 1995-1996.
31. BELT is re-presenting the matters to the BCNR for further reconsideration concurrently with filing this in court for judicial review and declaratory relief affording BELT de novo fact and law review in this court.

32. Venue is proper with this court because BELT is not seeking monetary recovery but rather only Judicial Review and Declaratory relief, and the law provides that

BELT may file where he was discharged, where he resides, or in DC where the courts have personal jurisdiction over the Defendants.

33. In light of Darby v. Cisneros, no exhaustion beyond what BELT has explained should be required as it is improper for courts to require exhaustion of administrative remedies when neither statute nor administrative rule specifically mandates exhaustion.

## CONCLUSION

34. Defendant has been notified of the INTENT TO SUE by express written notice and has been given every opportunity to do justice and has refused, but the facts herein are not placed in dispute because the Defendant refused and/or failed to respond to NOTICE OF INTENT TO SUE and DEMAND for payment of the sums equaling Plaintiffs perceived losses.

35. Defendant is left without any recourse except to sue for relief in these courts.

36. All prerequisites are fulfilled to sue because the law, and ordinary practice suggests that as long as such applications for reconsideration as BELT submitted are submitted with substantial new material evidence and/or argument not previously considered by the board, the BCMRs should reconsider the veteran's assertions but the BCNR overlooked BELTS ***'new and material evidence for reconsideration'***.

37. New evidence is evidence not previously considered by the BCNR, but the Finding that BELT has a Service Connected Disability which BELT claims as his original medical reason for discharge, is a finding by the Military and VA that (a) BELT was not discharged under dishonorable or other than honorable conditions as he would be likely ineligible for a 2018 finding of a service connected disability if that were the case, (b) BELT may be found to have up to 100% disability for his service connected injuries and service aggravated injuries entitling him to benefits of a service member discharged under honorable conditions for medical reasons where BELTS service connected disability is the exact same injury in the administrative files which led to BELTS discharge from service, reentry code,

separation authority, separation code, and exit from service without courtmartial or any adverse action against BELT.

38. The failure of the BCNR to realize that there was material, substantial, and new evidence warranting a different consideration, and their failure to note that the information was provided to them and provided to them as substantial physical evidence, caused material error and injustice in the outcome and BELT will be forever prejudiced without corrections.

39. The adverse decision of the BCNR and of others in light of their failure to correct is based in inaccurate, incomplete, irrelevant material laden, due process of law violative, records absent noting the effect and impacts on the BCNR decisions of the VA finding that BELT has a service connected disability, that it is in fact the injury for which BELT discharged from the Military, that BELT is in fact injured and needs medical care still even after all these years as the injury worsens and pain and inhibitions from the injury increases.

40. BELT has a right to have the rate of disability finding increase as he is treated but without the proper DD-214 narratives and discharge categorization BELT may have a difficult time getting treatment and privileges granted to make being a disabled veteran easier and bearable to live and cope with under the totality of the circumstances.

41. These facts are not in dispute and on information and belief the Defendant has waived and will continue to waive the chance to appear, plead, or defend and there is no reason for delay in the entry of Affidavit Judgment and/or judgment by default should summons not be answered or properly answered within the time allotted by this court.

42. BELT requires that the rights, duties, and legal relations of the parties be spelled out and that the full judicial review explained in the APA be granted in full in inspection of the denials by BCNR and that it be found that the matter should be remanded to BCNR for further consideration and determination.

43. WHEREFORE, Plaintiff respectfully requests the following relief:

44. That the rights, duties, and legal relations of the parties be spelled out and that the full exhaustive judicial review explained in the APA be granted in full in inspection of the denials by BCNR and that it be found that the matter should be remanded to BCNR for further consideration and determinations; and

45. That it be found that BELT should have the narrative for separation changed to "disability" and or "medical/medical retirement" and the character of discharge should be changed to "HONORABLE" or at least "general" to restore justice and fairness to BELTS intent in service of the country;

46. For any and all other relief found appropriate to which Plaintiff may be entitled, and/or

47. REMAND to the BCNR for further proceedings consistent with what the court and proceedings reveal and suggest if they don't themselves act to change it based on reconsideration in light of these disclosures and clarifications when they received them.

All set forth herein is sworn true, correct, and complete under the laws of perjury of the United States of America and U.S. 28 USC 1746.

Respectfully Presented,

/s/_x_____ [SEAL/LS] 9/17/2018

TARIQ BELT

PO BOX 9054

FAYETTEVILLE, NC  28311


*****Affidavit of Truth in Verification*****

I, Mr. Tariq Belt, The Undersigned, do hereby state and affirm as follows under penalty of perjury under the laws of this state, nation, and locale 28 USC 1746.

1. I am over age 18 and competent to state these facts and to contract.

2. I have personal first-hand knowledge of all facts set forth herein and above.

3. All set forth herein and above is sworn true, correct, complete, and is not set forth for any improper purpose.

4. If called to restate any fact set forth herein or above I would do so verbatim before any and under inspection.

5. I have never seen any proof or evidence that is contrary to the facts that I have set forth and I do not believe any such contrary facts, proof, or evidence exists whereas if it does or any asserts that it does I would demand the strictest proofs produced in open court for inspection by me personally and examination before this court absent which no such contrary facts, proof, or evidence is shown to exist.

6. I notified the BCNR that newly discovered evidence that was not previously included and provided to them was the decision of the VA that I was in fact eligible for VA benefits notwithstanding the appearances from the DD214 that I might not be and juxtaposed the facets of the DD-214 to show that my service must have been characterized as honorable and reason for discharge for medical reasons where my medical records and personnel records say it and where the DD – 214 has been changed later to say what it says now but did not reveal what is complained of now initially.

7. The law has stated that nothing more than affidavits are necessary to make the prima facie case and any exhibits are true and correct copies of the submissions in these matters or the records provided from the court and from my personal records.

8. These facts are presented in Good Faith and Honor and further I say not.

Sworn and Signed:

/s/ x _____[L.S./SEAL]   dated _____9/17/18_____

PROOF OF SERVICE:

   I DO HEREBY SWEAR THAT A TRUE AND CORRECT COPY HEREOF WAS PROVIDED TO THE COURT AND TO THE DEFENDANTS AS A REQUEST THAT THEY WAIVE SERVICE OF SUMMONS TO SAVE THE COSTS OF SERVING THEM AND ENTER THEIR APPEARANCE BY NOTICE TO THIS COURT OF INTENT TO DEFEND, APPEAR, OR OTHERWISE TO PLEAD WITHIN THE NEXT 60 DAYS BUT

THAT THEY PROVIDE NOTICE THAT THEY WILL WAIVE WITHIN 21 DAYS OF RECEIPT HEREOF TO TAKE ADVANTAGE OF THE 60 DAYS TIME TO APPEAR, PLEAD, OR OTHERWISE DEFEND. If you will waive please notify the court at once and PLAINTIFF otherwise PLAINTIFF will see that you are served. If you wish to settle please contact PLAINTIFF, this is an attempt to amicably, honorably, promptly, and lawfully do due diligence regarding a claim of debt existence and anything obtained will be used for that purpose.

DONE BY USPS FCM POSTAGE PREPAID THIS DATE , 9/17/2018, BY PLACING IN THE US POSTAL SYSTEM ADDRESSED TO THE PARTIES NAMED HEREIN AND IN AND OF INTEREST WITH REGARDS HERETO BY ACCOUNTABLE MEANS. IF THE ACCUSED DO NOT TIMELY WAIVE, IT WILL BE ASKED THAT SERVICE ISSUE FORTH AND THAT THOSE FEES AND CHARGES BE CHARGED AGAINST THE ACCUSED UPON ENTRY OF JUDGMENT FOR THE PLAINTIFF. Done under penalty of perjury under the laws of this state.   28 USC 1746.

SS: _____  - Filing DEFERRED FOR 21 DAYS

TARIQ BELT

PO BOX 9054

FAYETTEVILLE, NC 28311